**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Teller et al., <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>United States of America, <br><br>　　　　　Defendant. | No. CV-20-08139-PHX-SPL <br><br> **ORDER** |

Before the Court is Defendant's Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 28 U.S.C. §§ 2401(b), 2675(a) —the Federal Tort Claims Act ("FTCA"). (Doc. 14) The Motion is ripe and ready for review. (Docs. 14, 19) For the following reasons, the Motion will be granted in part.

**I.　　BACKGROUND**

This case is a medical malpractice suit brought under the FTCA based on the conduct of a doctor and physician's assistant who worked in Tuba City Regional Hospital's ("TCRH") emergency room. (Doc. 8 at ¶¶74–81) The physician's assistant, Kathleen Pocock, and the doctor, Zachary Stamile, treated Plaintiff Edward Teller for hypoglycemia on or about November 25th, 2017. (Doc. 8 at ¶¶25, 28, 53) Plaintiffs allege the treatment resulted in Compartment Syndrome in Mr. Teller's leg, which allegedly caused disfigurement, pain, and suffering. (Doc. 8 at ¶¶60, 78) Mr. Teller brings claims against the United States for medical malpractice based on the actions of the medical providers and for negligent training and supervision. (Doc. 8 at ¶¶ 82–87, 88–98) Plaintiff Glorianna

Teller, Mr. Teller's wife, also sues for loss of consortium. (Doc. 8 at ¶¶99–102) Defendant now moves to dismiss the medical malpractice claims as they arise out of the actions of Ms. Pocock. (Doc. 14 at 2) Defendant alleges that Ms. Pocock is an independent contractor and thus her actions cannot give rise to FTCA liability for the United States. (Doc. 14 at 3) Defendant further alleges moves to dismiss Mrs. Teller's loss of consortium claims, alleging that she failed to exhaust her administrative remedies under 28 U.S.C. §§ 2401(b) and 2675(a) before filing suit. (Doc. 14 at 3) Plaintiffs filed a response disputing both arguments. (Doc. 21) The time to file a reply has expired.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (quotation omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)); *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id*. "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id*.

## III. DISCUSSION

Defendant brings a factual attack on Plaintiffs' claims. (Doc. 14 at 5) Therefore, no presumptive truthfulness attaches to Plaintiffs' allegations and Plaintiffs bear the burden of proving jurisdiction exists. *Renteria*, 452 F. Supp. 2d at 919. The Court will address the

separate issues in turn.

**A. Claims arising out of actions by Kathleen Pocock**

The United States' sovereign immunity typically extends to its employees and protects them from suit. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Sovereign immunity can be expressly waived by statute. *Id.* The Public Health Service Act ("PHSA") provides a remedy for damages caused by "any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a). The FTCA allows monetary damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). This express waiver of sovereign immunity does not extend to independent contractors. *United States v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1146 (9th Cir. 2004) ("The FTCA contains an explicit exception for contractors, such that the federal government is not liable for torts committed by its contractors."). The United States cannot be liable for an independent contractor's acts on the job unless it exercises "federal authority to control and supervise the detailed physical performance and day to day operations of the contractor." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (internal quotations omitted). "[T]here must be substantial supervision over the day-to-day operations of the contractor in order to find that the individual was acting as a government employee." *Autery*, 424 F.3d at 957 (internal quotations omitted). However, the Indian Self-Determination and Education Assistance Act ("ISDEAA") provides that certain independent contractors at tribal healthcare facilities operating under self-determination contracts may be held liable under the FTCA in the scope of their employment based on their status as part of the Public Health Service. *Goss v. United States*, 353 F. Supp. 3d 878, 885 (D. Ariz. 2018) citing 25 U.S.C. § 5321(d).

Here, Plaintiffs argue that Ms. Pocock is an employee for FTCA purposes because

she was an employee of Tuba City Regional Health Care Corporation ("TCRHCC"), which has a contract with the Indian Health Service ("IHS"), a federal agency. (Doc. 21 at 2) The contract (named the "Funding Agreement") governing the relationship states that the FTCA applies to TCRHCC employees. (Doc. 21 at 5) Defendant argues that Ms. Pocock is an employee of CHG Healthcare Services, a staffing agency that provided independent contractors to TCRH, part of TCRHCC, but not an employee of TCRHCC. (Doc. 14 at 3) Defendant provides TCRH human resources records that show Ms. Pocock's status as an independent contractor. (Docs. 14-1 at 3–4, 14-2 at 1–3) Plaintiffs argue that because the Funding Agreement states that the FTCA covers all TCRHCC employees and does not state that it excludes independent contractors, the FTCA applies to Ms. Pocock. (Doc. 21 at 4–5) Plaintiffs further argue that Ms. Pocock's daily activities had to be strictly regulated by some government agency because of Arizona law. (Doc. 21 at 6–10) Plaintiffs state that because state laws are more stringent toward physician assistants than physicians, Ms. Pocock must have been more closely supervised as required by law. (Doc. 21 at 6) Plaintiffs do not have information as to precisely which governing body regulates Ms. Pocock's daily activities but cite case law to show that licensed medical providers who work in government hospitals are supervised by government authorities by nature of their license. (Doc. 21 at 6–10) Finally, Plaintiffs argue that the ISDEAA brings Ms. Pocock under the FTCA. (Doc. 21 at 10)

      TCRH is a tribal healthcare facility operating under a self-determination contract under the ISDEAA. *See Goss*, 353 F. Supp. at 885. In *Goss*, this Court found that independent contractors working at tribal healthcare facilities who provide "medical, surgical, dental, or related services" fall under the PSHA provision that allows plaintiffs to recover damages under the FTCA for damages sustained while receiving such services. 353 F. Supp. at 885–86 citing 42 U.S.C. §§ 233(a),(g) and 25 U.S.C. § 5321(d). In fact, *Goss* was about an independently contracted medical provider working at TCRHCC. *Id.* Here, it is not disputed that Ms. Pocock was an independent contractor of a tribal healthcare facility. (Doc. 14 at 1) It is also not disputed that she provided medical or related services

to Mr. Teller. (Doc. 8 at ¶ 28) Further, it appears at some point TCRHCC considered Ms. Pocock a covered medical provider for purposes of the FTCA, based on emails TCRHCC's counsel sent to Plaintiffs' counsel. (Doc. 21-1 at 61) Therefore, Mr. Teller's claims against the United States based on Ms. Pocock's actions may move forward under the FTCA.

### B. Mrs. Teller's loss of consortium claims

When bringing tort claims against the United States, plaintiffs are required to first submit the claim to the applicable federal agency before filing suit. 28 U.S.C. § 2675(a). That claim must be submitted to the agency within two years of the accrual of the cause of action. 28 U.S.C. § 2401(b). These requirements are jurisdictional. *Kinlichee*, 929 F. Supp. 2d at 955. If they are not fulfilled, U.S. District Courts cannot hear the case. *Id.* Individuals with derivative claims, including loss of consortium, must submit their own forms to the agency; they cannot piggyback on the submission of the primary claimant. *Barber v. Kone, Inc.*, 118 F. App'x 276, 278 (9th Cir. 2004) (wife's loss of consortium claims filed under the FTCA dismissed for lack of jurisdiction when she failed to file her own administrative claim). If the individual with the derivative claim fails to submit a separate form, his or her claims will be dismissed for lack of jurisdiction. *Id.*

Here, only Mr. Teller submitted his claims to the Department of Health and Human Services ("DHHS"). (Doc. 14 at 3) The Standard Form 95 ("SF 95") he submitted listed his injuries arising from the actions of the medical staff but did not mention Mrs. Teller or the loss of consortium claim. (Doc. 14 at 3–4) Mrs. Teller did not submit any claim to the DHHS for the loss of consortium claim nor did she sign Mr. Teller's form. (Doc. 14 at 4) Her time to file her form elapsed in 2019 because the claims arose out of actions taken in November of 2017 and she knew or should have known of her loss of consortium damages soon after, given Mr. Teller's subsequent hospitalizations and need for further care. (Doc. 8 at ¶¶ 25, 63–69) It is true that Mrs. Teller's claim was listed in an attached letter to the SF 95 (Doc. 14-3 at 5–6), but the administrative requirements dictate that she needed to submit a separate form, as stated in the SF 95 instructions (Doc. 14-3 at 8) and as required by federal common law. *See Barber*, 118 F. App'x at 278. Mrs. Teller argues in her response

that DHHS was sufficiently put on notice of her claim because of the paragraph in the letter attached to the form, but she cites a case with distinguishable facts. (Doc. 21 at 14) The plaintiff in that case, *Charley v. United States*, filed an extremely vague claim with the Bureau of Indian affairs and the court found it sufficient for purposes of FTCA administrative remedy exhaustion. 437 F. Supp. 3d 745, 749 (D. Ariz. 2020). However, the court also stated "A claim is considered "presented for purposes of § 2675 when *a party* files (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* at 748 (internal quotations omitted) (emphasis added). The distinction is that each party to the case must file a written statement. Mrs. Teller, a party, did not file a written statement. Only Mr. Teller filed with DHHS. Mrs. Teller failed to exhaust her administrative remedies.

### IV.   CONCLUSION

Having reviewed the Motion, its accompanying papers, and applicable federal statutes and case law, the Court concludes that Ms. Pocock is an employee for FTCA purposes. The Court also concludes that Mrs. Teller failed to exhaust her administrative remedies under 28 U.S.C. §§ 2401(b) and 2675(a). Therefore, Mr. Teller met his burden of proving subject matter jurisdiction exists over his claims arising from Ms. Pocock's actions, but Mrs. Teller failed to meet her burden as to her loss of consortium claim.

Accordingly,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 14) filed pursuant to Rule 12(b)(1) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff Glorianna Teller's loss of consortium claim is **dismissed** and the Clerk of Court shall enter judgment accordingly as to Plaintiff Glorianna Teller and **terminate** her from this action.

Dated this 4th day of December, 2020.

Honorable Steven P. Logan
United States District Judge